JAIKARAN SINGH, CA BAR NO. 201355
  JSINGH@FOLEY.COM
FOLEY & LARDNER LLP
3579 VALLEY CENTRE DRIVE
SUITE 300
SAN DIEGO, CA 91230
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

JOSHUA R. PARR, CA BAR NO. 318549
  JPARR@FOLEY.COM
FOLEY & LARDNER LLP
555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:   415.434.4507

Attorneys for Defendant REAL PAGE UTILITY
MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA HAGERTY<br><br>        PLAINTIFF,<br><br>    V.<br><br>REAL PAGE UTILITY MANAGEMENT,<br>VINEYARD GATE APARTMENT COMPLEX,<br>FPI MANAGEMENT,<br><br>        DEFENDANTS. | CASE NO. _____<br>TEMPORARY CASE NO. 2:19-AT-00325<br><br>**DEFENDANT REAL PAGE UTILITY MANAGEMENT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(D)(2)(A)**<br><br>**CAFA Removal**<br><br>**Removed from the Superior Court of California, County of Placer**<br><br>Filed concurrently with:<br>(i)    Declaration of Amye Baker,<br>(ii)   Civil Case Cover Sheet |

4844-0346-8949.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Real Page Utility Management, Inc. ("RUM"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this case, filed in the Superior Court of the State of California for the County of Placer, Case No. SCV0042688, and all claims and causes of action therein, to the United States District Court for the Eastern District of California.

## I.    NATURE OF THE ACTION

1.       Plaintiff Jessica Hagerty is a tenant of an apartment community in Roseville, California called the Vineyard Gate Apartments, located at 1601 Vineyard Rd., Roseville, California 95747.  Plaintiff has resided at Vineyard Gate Apartments since March 2013.[1]  The property manager of the Vineyard Gate Apartments, FPI Management, Inc., contracted with NWP Services Corporation, now known as RUM, as a third party service provider, to send monthly utility statements to tenants, including Plaintiff.[2]

2.       In this putative class action, Plaintiff claims that RUM fraudulently billed her and other current and former tenants of apartment communities throughout California by overcharging them for utilities and by charging improper late fees.[3]  In particular, Plaintiff alleges that RUM has a policy and systematic, widespread practice throughout California of: (a) overcharging tenants for utility services that are deliberately incorrect; and (b) imposing on tenants improper late fees.[4]  These allegations form the basis for five causes of action, which collectively seek compensatory damages, punitive damages, restitution and disgorgement, and attorneys' fees against RUM on behalf of Plaintiff and all other class members throughout California.[5]  Attached as Exhibit 1 is a true and correct copy of Plaintiff's Complaint.  Attached as Exhibit 2 are true and correct copies of all process, pleadings, and orders served upon RUM in this action.

/ / /

/ / /

/ / /

---

[1] Complaint (Exhibit 1), ¶¶ 3, 11.
[2] Complaint (Exhibit 1), ¶¶ 3, 4, 12; Declaration of Amye Baker (Baker Decl.), ¶ 4.
[3] Complaint (Exhibit 1), ¶¶ 9, 13, 15, 16, 18, 23.
[4] Complaint (Exhibit 1), ¶¶ 9, 13, 15, 16, 18, 23.
[5] Complaint (Exhibit 1), ¶ 18, Prayer for Relief.

4844-0346-8949.1

## II.    NO CONSENT IS NECESSARY

3.    Joinder or consent from the other Defendants named in this action is unnecessary because any defendant can remove an action under the Class Action Fairness Act (CAFA), regardless if any other defendants consent to the removal.  *See* 28 U.S.C. §§ 1332(d)(2), 1453(b).

## III.    GROUNDS FOR REMOVAL

4.    Under 28 U.S.C. § 1332(d)(2), United States District Courts have original jurisdiction over putative class actions where (1) there are at least 100 putative class members, (2) the amount in controversy exceeds $5,000,000, and (3) any proposed class member and any defendant are citizens of different states.  See 28 U.S.C. § 1332(d).  Each of these requirements is satisfied here.  Based on the allegations in the Complaint, RUM's review of records shows that the amount in controversy exceeds $5,000,000, there are more than 100 putative class members and there is minimal diversity, making removal under 28 U.S.C. § 1332(d)(2) appropriate.

### A.    This is a Class Action with More Than 100 Class Members

5.    Plaintiff has alleged a California statewide putative class action.[6]

6.    According to Plaintiff's Complaint, RUM's overcharging for utility services and imposition of improper late fees "is a widespread practice impacting thousands of REALPAGE customers."[7]

### B.    There is Minimal Diversity

7.    There is diversity of citizenship between RUM and at least one class member, whether named or not.  See 28 U.S.C. § 1332(d).

8.    RUM is a Delaware corporation, with its principal place of business in Richardson, Texas.[8]

9.    The Complaint alleges that Plaintiff resides in Roseville, California.[9]

10.    Moreover, Plaintiff has alleged that class members are "similarly situated Californians."[10]

---

[6] Complaint (Exhibit 1), ¶¶ 16, 18.
[7] Complaint (Exhibit 1), ¶ 13.
[8] Baker Decl., ¶ 4.
[9] Complaint (Exhibit 1), ¶ 3.
[10] Complaint (Exhibit 1), ¶ 18.

2

4844-0346-8949.1

11.     Accordingly, there is diversity between RUM and Plaintiff, and between RUM and other proposed class members.

**C.     The Amount in Controversy Exceeds $5,000,000**

12.     Under CAFA, the claims of class members are aggregated to determine if the amount in controversy, including statutory attorneys' fees, exceeds $5,000,000.  28 U.S.C. §§ 1332(d)(2), (d)(6); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (statutory attorney fees added when calculating amount in controversy); *Berry v. American Express Pub., Corp.*, 381 F. Supp. 2d 1118, 1124 (C.D. Cal. 2005) (amount in controversy can be based either on the aggregate value of the class members' claims or on the costs to defendants of providing whatever relief is sought).

13.     In assessing the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a complete verdict for the plaintiff.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012).

14.     Plaintiff's Complaint seeks a wide range of monetary relief, including compensatory damages, punitive damages, restitution and disgorgement of all overbilled utility charges and improper late fee charges, and attorneys' fees on behalf of potentially all current and former tenants throughout California who, from March 20, 2015, to the present, received from RUM a monthly statement with utility charges and/or late fees for a utility payment.  But the Complaint does not specify the purported amount of monetary relief sought.  And where a complaint does not specify the amount sought, the removing defendant need only show by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum.  *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Guglielmina v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

15.     The removing defendant is not required to concede liability or prove the amount of damages plaintiff is likely to recover.  Rather, "[t]he amount in controversy is simply ***an estimate of the total amount in dispute***, not a prospective assessment of defendant's liability."  *Verizon*, 627 F.3d at 400 (emphasis added); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).  Thus, to carry its burden, the removing defendant merely needs to show "that the ***potential*** damages ***could*** exceed the jurisdictional

4844-0346-8949.1

amount." *Verizon*, 627 F.3d at 397 (emphasis added); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

16.     RUM expressly denies Plaintiff's allegations and denies that Plaintiff or any of the putative class members are entitled to any damages at all or other relief or recovery.  But if Plaintiff's allegations are true that RUM fraudulently billed and overcharged tenants throughout California for utilities and imposed improper late fees, the potential damages and other monetary relief, i.e., the amount in controversy, would far exceed $5,000,000.

17.     RUM's utility billing records with monthly statement information from March 20, 2015, to the present show that current and former tenants who resided at apartment communities in California serviced by RUM were billed a total amount of $351,293,914.27 for utilities and for late fees imposed on utility payments.[11]

18.     According to Plaintiff, RUM has a "policy and practice of irregularity in billing customers generally, and imposing fictitious late fees generally."[12]  Plaintiff further alleges assessing unlawful overcharges for utilities and imposing improper late fees was a "deliberate" and "widespread," systematic practice that was repeated by RUM at residential properties it serviced throughout California during the class period.[13]  Plaintiff defines the class as:

> All persons who have been overcharged for utility services, including but not limited to improper late fees imposed, by Defendants from four (4) years prior to the filing of this action to the present.

(Complaint, ¶ 18.)  Thus, for purposes of removal, RUM can assume that all tenants who were billed for utilities at residential properties serviced by RUM in California during the time period alleged in the Complaint were overcharged for utilities.  Likewise, RUM can assume that all late fees imposed on tenants for utility payments were improper.  *See Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (finding defendant met its burden to show that the amount in controversy for CAFA removal was satisfied by assuming 100% violation because

---

[11] Baker Decl., ¶ 8.
[12] Complaint (Exhibit 1), ¶ 9.
[13] Complaint (Exhibit 1), ¶¶ 9, 13, 15, 16, 18, 23.

4844-0346-8949.1

1
2
3
4

plaintiffs alleged a "common course of conduct"); *Helm v. Alderwoods Grp., Inc.*, No. C 08-01184SI, 2008 WL 2002511, at *4 (N.D. Cal. May 7, 2008) (defendant successfully removed under CAFA using an estimate of damages based on the assumption that all potential class members suffered a violation given plaintiffs alleged a fail-safe class and policy and practice allegations).

5
6
7
8
9
10
11
12

19.    Thus, the potential class-wide monetary relief, including damages, on Plaintiff's utility overcharges and improper late fees allegations for current and former tenants at residential properties in California could be as much as $351,293,914.27, an amount equal to the total amounts billed by RUM to tenants for utilities and late fees, or $35,129,391.42, based on a conservative assumption that just ten percent of the amounts billed for utilities and late fees were improper, or it could be somewhere in between.  Given that the potential amount at stake is more than ***seventy times*** the jurisdictional minimum, the amount in controversy exceeds $5,000,000 by any reasonable calculation based on the allegations in the Complaint.

13
14
15

20.    Plaintiff's request for statutory attorneys' fees under Civil Code section 1780(e) further increases the amount in controversy.[14]  *Galt*, 142 F.3d at 1156 (statutory attorneys' fees are included for determining amount in controversy).

16
17
18
19
20
21
22
23

21.    Courts estimating the amount of attorneys' fees in alleged class actions for purposes of removal have found a 25% estimate to be reasonable.  *See, e.g.*, *Cortez v. United Nat. Foods, Inc.*, No. 18-CV-04603-BLF, 2019 WL 955001, at *7 (N.D. Cal. Feb. 27, 2019); *Ramos v. Schenker, Inc.*, No. 5:18-CV-01551-JLS-KK, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("In this Court's experience, 'when including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate.'"); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1338 (E.D. Cal. 2015) ("The court must nonetheless do its best to estimate attorneys' fees, and in light of these cases, the court finds that defendant's fee estimation of 25 percent of recovery is a reasonable one.")

24
25
26

22.    The monetary relief sought by Plaintiff, including damages, well exceeds $5,000,000, without even considering the attorneys' fees that Plaintiff seeks.  If attorneys' fees are included, the amount in controversy increases by twenty-five percent.

27  / / /

28

---

[14] Complaint (Exhibit 1), ¶ 35, Prayer for Relief.

23.     Of course, in acknowledging Plaintiff's request for monetary relief and attorneys' fees, RUM does not concede that such a request is reasonable, has any merit or that Plaintiff is entitled to any attorneys' fees, damages or any relief or recovery whatsoever.

## IV.     TIMELINESS OF REMOVAL

24.     Plaintiff's Complaint on its face does not trigger the thirty-day time period for removal. *See Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139, 1141 (9th Cir. 2013) (the time period starts to run only when the basis for removal is "revealed affirmatively in the initial pleading"); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) ("The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present.  With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought.") (citing to *Kuxhausen v. BMW Financial Services NA LLC*); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689,694 (9th Cir. 2005) (notice of removability is determined by the "four corners of the applicable pleading, not through subjective knowledge or a duty to make further inquiry.").

25.     Given that neither the Complaint nor any prior pleading, motion or other document served on RUM has set forth any amount of monetary relief sought, the 30-day removal period has not begun to run in this case.  *See Kuxhausen*, 707 F.3d at 1139, 1141; *Walker*, 727 F.3d at 823-825.  Instead, RUM can remove this case under CAFA based on its own information outside the thirty-day time period for removal.  *Roth v. CHA Hollywood Medical Center*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines.")  Thus, this Notice is timely.  See 28 U.S.C. § 1446(b).

26.     Moreover, Plaintiff served RUM with this purported class action on March 28, 2019.  Accordingly, even if the FAC could somehow be deemed to trigger the thirty-day period for removal, this Notice of Removal is being filed timely based on RUM's receipt of the Complaint.  *See* 28 U.S.C. § 1446(b); *see also* Fed. R. Civ. P. 6(a)(1)(C).

/ / /

/ / /

DEFENDANT'S NOTICE OF REMOVAL
TEMPORARY CASE NO. 2:19-AT-00325

4844-0346-8949.1

## NOTICE TO STATE COURT AND ADVERSE PARTY

27.     Counsel for RUM certifies that, in accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon Plaintiff's counsel and filed with the clerk of the Superior Court of the State of California, County of Placer.

28.     WHEREFORE, Defendant RUM hereby gives notice that this action is removed from the Superior Court of the State of California for the County of Placer to this United States District Court for the Eastern District of California.

DATE:  APRIL 29, 2019                     **FOLEY & LARDNER LLP**
                                          JAIKARAN  SINGH
                                          JOSHUA R. PARR


                                          By:  /s/ Jaikaran Singh
                                              JAIKARAN  SINGH
                                              Attorneys for Defendant REAL PAGE UTILITY
                                              MANAGEMENT, INC.

7

4844-0346-8949.1