# Exhibit 1

LAW OFFICE OF JEFFREY D. FULTON
Jeffrey D. Fulton (Bar No. 206466)
2150 River Plaza Drive, Suite 260
Sacramento, California 95833
Telephone: (916) 993-4900
Facsimile: (916) 441-5575
Email: JFulton@JFultonLaw.com

BRELSFORD ANDROVICH & WHITE
R. Parker White (Bar No. 95579)
William L. Brelsford, Jr. (Bar No. 202839)
1001 G Street, Suite 301
Sacramento, California 95814
Telephone: (916) 449-1300
Facsimile: (916) 449-1320
E-Mail: wbrelsford@baw-attorneys.com

Attorneys for Plaintiff
JESSICA HAGERTY

FILED
Superior Court of California
County of Placer

MAR 20 2019

Jake Chatters
Executive Officer & Clerk
By: O. Lucatuorto, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF PLACER

JESSICA HAGERTY

Plaintiffs,

v.

REAL PAGE UTILITY MANAGEMENT,
VINEYARD GATE APARTMENT
COMPLEX, FPI MANAGEMENT

Defendants.

CASE NO. SCV0042688

COMPLAINT FOR DAMAGES

1) VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT (Cal. Civil Code §1750, et seq.)
2) FRAUD
3) NEGLIGENT MISREPRESENTATION
4) UNJUST ENRICHMENT
5) VIOLATION OF THE UNFAIR COMPETITION LAW (Business and Professions code §17200 et seq.)

DEMAND FOR JURY TRIAL

BY FAX

Plaintiff, JESSICA HAGERTY, hereby alleges:

## I.
## INTRODUCTION

1. This is a civil action brought under the California Consumer Legal Remedies Act, Unfair Competition Law, California Public Utilities Code section 394.4, *inter alia*, by Plaintiff, JESSICA HAGERTY, to redress Defendants' fraudulent and unfair business practices within the State of California with respect to billing for utility services.

2. This Complaint specifically asserts causes of action for the following: Violation of the Consumer Legal Remedies Act (California Civil Code section 1750, et seq.); Violation of the Unfair Competition Law (California Business & Professions Code section 17200, et seq.); Violation of California Public Utilities Code section 394.4; Fraud; Negligent Misrepresentation; Unjust Enrichment.

3. Plaintiff, JESSICA HAGERTY (hereinafter also referred to as "Plaintiff") is a resident of the VINEYARD GATE apartment complex in Roseville, California. (hereinafter referred to as "VINEYARD"), which is managed by FPI PROPERTY MANAGEMENT (hereinafter referred to as "FPI"), which is headquartered in Folsom, California, in the County of Sacramento.

4. NWP SERVICES, INC ("NWP") and REALPAGE UTILITY MANAGEMENT, INC. ("REALPAGE") are and were utility billing service companies. REALPAGE is headquartered in Costa Mesa, California. Plaintiff is informed and believes and thereon alleges that REALPAGE has acquired NWP.

5. Defendants, and each of them, do substantial business in the State of California.

6. The named Defendants and DOES 1 through 100, are individuals and/or organizations, domiciled in the State of California. Plaintiff is informed and believes, and thereon alleges that there exists such a unity of interest and ownership between the named Defendants and

1

DOES 1 through 100 that the individuality and separateness of these Defendants have ceased to exist. The business affairs of the named Defendants and DOES 1 through 100 are, and at all times relevant hereto were, so mixed and intermingled that the same cannot be reasonably segregated, and the same are in inextricable confusion. The named Defendants and DOES 1 through 100 are, and at all times relevant hereto, were used by the named Defendants and are mere shells and conduits for the conduct of certain of the named Defendants' affairs. The named Defendants and DOES 1 through 100 are, and at all times relevant hereto, were used by the others and are mere shells and conduits for the conduct of certain of the named Defendants' affairs. The recognition of the separate existence of these entities would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff. Accordingly, these Defendants are merely the alter egos of the named Defendants and the fiction of their separate existence must be disregarded.

7. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein, all Defendants were the agents, employees, and/or servants, masters, employers or joint employers of the remaining Defendants, and in doing the things alleged in this Complaint, were acting in the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff will amend this Complaint to show the Defendants' true names and capacities when the same have been ascertained. Plaintiff alleges, upon information and belief, that each of the Defendants, and DOES 1 through 100, inclusive, are legally responsible in some manner negligently, in warranty, strictly, intentionally, or otherwise, for the events and

happenings herein referred to, and each of the Defendants proximately caused injuries and damages to Plaintiff as herein alleged.

9. In perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to, and in furtherance of a policy and practice of irregularity in billing customers generally, and imposing fictitious late fees generally.

10. Plaintiff is informed and believes, and thereon alleges, that each and every of the acts and omissions alleged herein were performed by, and are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts or failures to act were within the course and scope of said agency, employment, and/or direction and control.

## II.
## GENERAL ALLEGATIONS

11. Plaintiff began residing at VINEYARD in March of 2013.

12. NWP formerly, and REALPAGE currently, has been entrusted by the other Defendants to provide billing services for utility services at VINEYARD.

13. During the last four years (the putative class period), Plaintiff has been presented with bills for utility services that were inaccurate. More specifically, Plaintiff has been charged late fees on payments that were timely made because Defendants unilaterally changed her due date knowing that she enrolled in their auto-pay feature that was tied to a particular due date. Plaintiff is informed and believes and thereon alleges that this is a widespread practice impacting thousands of REALPAGE customers.

14. Each time Plaintiff has been charged a late fee, she has contested it and NWP formerly, and REALPAGE currently require her to undergo an onerous process of proving that her payments were in fact timely. Plaintiff has also attempted on multiple occasions, to correct other issues with her account and has been ignored by REALPAGE

3

15. Plaintiff is informed and believes, and thereon alleges that NWP formerly, and REALPAGE presently, engage in a deliberate practice of presenting to its customers, bills for utility services that are incorrect generally, and charges late fees for payments that are not in fact late, for the purpose of improperly and unlawfully inflating its revenue.

16. Plaintiff is informed and believes, and thereon alleges that said practices are occurring throughout the State of California to the detriment of NWP and REALPAGE customers and for the sole purpose of unjustly enriching NWP and REALPAGE.

17. Plaintiff is informed and believes, and thereon alleges, that officers, directors and/or managing agents made or ratified the decision to intentionally and/or negligently overcharge utility customers. Plaintiff is also informed and believes, and thereon alleges that this decision was made maliciously, oppressively, and in conscious disregard of Plaintiff's statutory rights and the rights of putative class members.

### III.
### CLASS ACTION ALLEGATIONS

18. Plaintiff seeks to represent a class of similarly situated Californians defined as follows:

> "All persons who have been overcharged for utility services, including but not limited to improper late fees imposed, by Defendants from four (4) years prior to the filing of this action to the present."

19. This action is brought as a class action any may be properly maintained pursuant to provisions of California Code of Civil Procedure section 382. Plaintiff reserves the right to modify the class definition and the class period based on the results of discovery pursuant to Rule 3.765 of the California Rules of Court.

20. The potential members of the proposed class as defined are so numerous that joinder of all members of the proposed class is impracticable. While the precise number of

proposed class members has not been determined at this time, Plaintiff is informed and believes, and thereon alleges that Defendants have overbilled substantial numbers of people.

21. Plaintiff alleges that Defendants' records will provide information as to the total number of individuals who have been overbilled, and in the amount of the overbillings.

22. There are questions of law and fact common to the proposed class that predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

    a) Whether Defendants overbilled customers in violation of the Consumer Legal Remedies Act and the Unfair Competition Law;

    b) Whether Defendants overbilled customers in violation of the California Public Utilities Act;

    c) Whether Defendants have engaged in fraud;

    d) Whether Defendants have made negligent misrepresentations to class members; and

    e) Whether Defendants have been unjustly enriched by their scheme to overbill customers.

23. The claims of Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class have sustained injuries and damages arising out of and caused by Defendants' unlawful, unfair, fraudulent, and negligent business practices caused by the overbilling of their customers.

24. Plaintiff will fairly and adequately represent the interests of the members of the proposed class. Counsel who represent Plaintiff are competent and experienced in litigating class actions.

25. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable; and questions of law and fact common to the proposed class members predominate

·5·
CLASS ACTION COMPLAINT

1 over any questions affecting only individual class members of the proposed class. Each member of the proposed class has been damaged and is entitled to recovery by reason of Defendants' unlawful, unfair, fraudulent and/or negligent business practices in overbilling customers.

26. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## IV.
## PLAINTIFF'S CLAIMS

### FIRST CAUSE OF ACTION
Violations of the Consumers Legal Remedies Act
California Civil Code § 1750, et seq.
(On Behalf of Plaintiffs and the Class)

27. The foregoing Paragraphs 1-26 of the Complaint are expressly incorporated as if fully re-written and re-alleged herein.

28. This cause of action is brought pursuant to the California Consumers Legal Remedies Act ("CLRA"), Civil Code Section 1750, et seq. Plaintiffs bring this action on their own behalf and on behalf of the Class members, all of whom are similarly situated consumers within the meaning of Civil Code section 1781.

29. The acts and practices described in this Complaint were intended to result in the sale of utilities. Defendants have violated, and continue to violate, CLRA, Civil Code Section 1770, subdivisions (a)(9), (a)(7), (a)(16), and (a)(5) by overbilling Plaintiff and the proposed class members.

30. Plaintiffs and the Class members have suffered harm as a result of these violations.

31. Plaintiffs have suffered as a result of Defendants' unlawful conduct because they have paid in excess of what was actually owed for utilities based on Defendants' misrepresentations.

32. Defendants concealed from Plaintiffs accurate information concerning the actual amounts owed.

33. Defendants' misrepresentations described in the preceding paragraphs were intentional, or alternatively, made without the use of reasonable procedures adopted to avoid such errors.

34. Unless Defendants are enjoined from engaging in such wrongful actions and conduct in the future, members of the consuming public will be further damaged by Defendants' conduct.

35. Plaintiffs and the Class are entitled to equitable relief on behalf of the members of the Class in the form of an order, pursuant to Civil Code section 1780, subdivision (a) (2)-(5), prohibiting Defendants from continuing to engage in the above described violations of the CLRA. Plaintiffs further seek reasonable attorneys' fees under Civil Code section 1780(e).

WHEREFORE, Plaintiffs pray judgment as set forth below.

### SECOND CAUSE OF ACTION
### For Common Law Fraud
### (On Behalf of Plaintiffs and the Class)

36. The foregoing Paragraphs 1-35 of the Complaint are expressly incorporated as if fully re-written and re-alleged herein.

37. Defendants misrepresented, omitted and concealed important facts from Plaintiff as alleged in the Complaint.

38. Plaintiff and the proposed class members have suffered harm as a result of these violations.

39. Plaintiff and the proposed class members have suffered injury in fact and lost money as a result of Defendants' unlawful business acts and practices and Plaintiff and the proposed class members have suffered harm when each was required to pay a price for their bill in excess of what was owed.

40. Defendants concealed from Plaintiff and the proposed class members accurate information concerning the true amounts of their bills for utility services.

41. Defendants had a duty to disclose the true amounts due and possessed superior knowledge as to the true amounts of the bills for utility services.

42. Defendants intended Plaintiff and the proposed class members to rely on the representations made in the bills for utility services. Defendants intended to induce Plaintiff and the proposed class members to make payments in amounts that were not in fact due.

43. Plaintiff and the proposed class members reasonably relied upon Defendants' representations regarding the utility bills. Plaintiff and the proposed class members' reasonable reliance upon Defendants' representations was a substantial factor in causing Plaintiff and the proposed class members harm.

44. As a direct and proximate result of Defendants' fraud, Plaintiff and the proposed class members sustained damages in amount to be determined at trial.

WHEREFORE, Plaintiffs pray judgment as set forth below.

### THIRD CAUSE OF ACTION
### Negligent Misrepresentation
### (On Behalf of Plaintiffs and the Class)

45. The foregoing Paragraphs 1-44 of the Complaint are expressly incorporated as if fully re-written and re-alleged herein.

46. Negligent misrepresentation occurs if a party to a contract makes a positive assertion in a manner not warranted by the information of the person making it, of that which is

8

not true, though he believes it to be true, with an intent to deceive another party thereto, or to induce him to enter into the contract. (California Civil Code section 1572.) Negligent misrepresentation may also occur if a person willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers. (California Civil Code sections 1709, 1710.)

47. Each of the representations described above was false or misleading when made by Defendants, was made without a reasonable belief for believing it to be true, and was made with intent to mislead and deceive Plaintiff and the proposed class members.

48. Had Plaintiff and the proposed class members known the true facts, they would not have made payments in the amount billed.

49. Plaintiff and the proposed class members have suffered harm as a result of these misrepresentations.

50. Plaintiff and the proposed class members have suffered injury in fact and lost money as a result of Defendants' misrepresentations and Plaintiff and the proposed class members have suffered harm when each was required to pay a price for their bill in excess of what was owed.

51. As a direct and proximate result of Defendants' fraud, Plaintiff and the proposed class members sustained damages in amount to be determined at trial.

WHEREFORE, Plaintiffs pray judgment as set forth below.

### FOURTH CAUSE OF ACTION
### For Unjust Enrichment
### (On Behalf of Plaintiffs and the Class)

52. The foregoing Paragraphs 1-51 of the Complaint are expressly incorporated as if fully re-written and re-alleged herein.

53. As a direct and proximate result of the misconduct set forth above, Defendants have been unjustly enriched.

54. Through deliberate misrepresentation or omissions in connection with the billing of Plaintiff and the proposed class members. Accordingly, Defendants will be unjustly enriched unless ordered to disgorge those profits for the benefits of Plaintiff and the proposed class members.

55. Further, because the wrongful acts against Plaintiff were carried out, authorized or ratified by Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this complain, she seeks punitive damages against Defendants, in order to deter them from such and similar conduct in the future.

WHEREFORE, Plaintiff prays judgment as set forth below.

## FIFTH CAUSE OF ACTION
### Unlawful Business Practices
(California Business & Professions Code §17200, et seq.
(On Behalf of Plaintiffs and the Class)

56. The foregoing Paragraphs 1-55 of the Complaint are expressly incorporated as if fully re-written and re-alleged herein.

57. The Unfair Competition Law ("UCL") prohibits unfair competition, which is defined by Business & Professions Code section 17200, et seq., as including "any unlawful, unfair or fraudulent business act or practice..."

58. As the California Supreme Court has noted, the UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." (*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 949 [119 Cal.Rptr.2d 296].) The UCL is broadly worded, leading the California Supreme Court to observe that the UCL "was intentionally framed in its broad, sweeping language, precisely to enable judicial tribunals to deal with the

innumerable schemes which the fertility of man's invention would contrive." (*Barquis v. Merchants Collection Association* (1972) 7 Cal.3d 94, 112 [101 Cal.Rptr. 745].) The UCL contains no express intent, knowledge, or negligence requirement, and therefore has been construed as "impos[ing] strict liability." (*Searle v. Wyndham International, Inc.* (2002) 102 Cal.App.4th 1327, 1333 [126 Cal.Rptr.2d 231].)

59. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes the three varieties of unfair competition: acts or practices which are unlawful, or unfair, or fraudulent." (*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647 [58 Cal.Rptr.2d 89].)

60. The unlawful prong of section 17200 proscribes "anything that can properly be called a business practice and that at the same time is forbidden by law." (*People v. McKale* (1979) 25 Cal.3d 626, 632 [159 Cal.Rptr. 811]; *see also, Podolsky, supra*, 50 Cal.App.4th at 647 ("Virtually any state, federal or local law can serve as the predicate for an action under Business and Professions Code section 17200."); *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-839 [33 Cal.Rptr.2d 438] ("The unlawful practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state or municipal, statutory, regulatory or court-made."))

61. The *unfair* prong of section 17200 "provides an independent basis for relief." In other words, "[i]t is not necessary for a business practice to be "unlawful" in order to be subject to an action under the unfair competition law." (*Smith v. State Farm Mutual Automobile Insurance Co.* (2001) 93 Cal.App.4th 700, 718 [113 Cal.Rptr.2d 399].)

62. The courts of this state have adopted several tests for determining whether a business practice is *unfair*: A business practice is unfair "when that practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or

substantially injurious." (*State Farm Fire & Casualty Co. v. Superior Court* (1996) 45 Cal.App.4th 1093, 1102 [53 Cal.Rptr.2d 229].)

63.  Another "test of whether a business practice is unfair involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim..." (*State Farm Fire & Casualty Co.*, supra, 45 Cal.App.4th at 1103-1104.)

64.  It is also an unfair business practice when the defendant's conduct "threatens an incipient violation of [a law], or violates the policy or spirit of [a law] because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." (*Cel-Tech Communication, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 187 [83 Cal.Rptr.2d 548]; see also, *Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 940 [134 Cal.Rptr.2d 101].)

65.  As discussed above, Defendants engaged in a pattern and practice of unfair and deceptive business practices by overbilling Plaintiff and the proposed class members for utility services.

WHEREFORE, Plaintiff prays judgment as set forth below.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and the proposed class members, pray for relief as follows:

1. An Order appointing Plaintiff to represent the proposed Class and designating her counsel as Class Counsel;

2. An Order awarding Plaintiff and the Class restitution and/or disgorgement;

3. An Order awarding Plaintiff and the Class compensatory damages;

4. An Order awarding Plaintiff and the Class punitive damages;

5. An Order awarding Plaintiff attorney's fees, expert witness fees and other costs, including pre-judgement and post judgement interest thereon; and

6. Such other relief as the Court deems proper.

Dated: March 14, 2019

LAW OFFICE OF JEFFREY D. FULTON

By: _____
Jeffrey D. Fulton
Attorney for Plaintiff
JESSICA HAGERTY

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated: March 14, 2019

LAW OFFICE OF JEFFREY D. FULTON

By: _____
Jeffrey D. Fulton
Attorney for Plaintiff
JESSICA HAGERTY